[Sac. No. 859.    Department One.—March 12, 1902.]

JOSEPH BERNARDIS, Appellant, v. ANNIE E. ALLEN et al., Respondents.

MINING PARTNERSHIP—ACTION FOR ACCOUNTING—FINDING AGAINST PARTNERSHIP—CONFLICTING EVIDENCE—APPEAL.—In an action to declare the existence of a partnership in a mine, and for an accounting of the proceeds of sale thereof, where the court found against the existence of the partnership upon conflicting evidence, the finding will not be disturbed upon appeal.

ID.—ACTION AGAINST ADMINISTRATOR—IMPEACHMENT OF WITNESS—DECLARATIONS OF PLAINTIFF.—An action to establish a partnership in a mine against the administrator of a deceased owner is not founded upon a claim against the estate, and the plaintiff is entitled to testify therein; and the rules of evidence as to the impeachment of the plaintiff, by contradictory evidence as to his declarations against interest, should not be rigidly enforced. Such declarations are admissible, independently of the question of impeachment.

ID.—DEPARTURE FROM PRECISE IMPEACHING WORDS—DISCRETION OF COURT.—It did not injuriously affect the substantial rights of the plaintiff for the court, in its discretion over the subject-matter of the examination of the impeaching witness, as to the declarations of the plaintiff against his interest, to permit the question to be asked whether plaintiff did not state the precise contradictory .words repeated, "or words to that effect."

APPEAL from a judgment of the Superior Court of Amador County and from an order denying a new trial. R. C. Rust, Judge.

The facts are stated in the opinion of the court.

Edward Lynch, John J. Davis, and D. L. Donnelly, for Appellant.

William J. McGee, and C. P. Vicini, for Respondents.

VAN DYKE, J.—Suit was brought to declare a partnership in the Maximilian Mine, situated in Sutter Creek Mining District, Amador County, arising from the development thereof, and for an accounting of the proceeds of the sale of said mine. Judgment went for the defendants in the court below, from which and an order denying plaintiff's motion for a new trial the appeal is taken.

In 1893, and prior thereto, George Allen, now deceased, owned the mine in question, containing about eight and a half acres of surface, with a fifteen-hundred-foot lode, and the plaintiff, by permission of Allen, prospected the mine, and in May, 1894, entered into an agreement in reference to the working of the same, which the plaintiff claims to have been a partnership agreement, but on the part of the defendants it is contended to have been an agreement to allow the plaintiff, as a practical miner, to work the mine, furnishing the mill, machinery, and implements for that purpose and paying all expenses, and if anything should be realized over such expenses, that the net proceeds, if any, should be divided between the plaintiff and the owner of the mine. The court found on all the issues presented against the claim of the plaintiff in reference to a partnership.

The main contention on the appeal is, that the findings are not supported by the evidence. The evidence is quite voluminous, but we have examined it quite carefully, and the most that can be said in favor of appellant's contention is, that there is a substantial conflict in reference to the alleged partnership; and in such case it is a rule of this court, so well recognized as not to require cases to be cited, that the findings must be allowed to stand.

Many errors are assigned by appellant in the admission of evidence and refusal to strike out evidence. Those urged on

the appeal relate mostly to impeaching evidence, and particular stress is laid upon the questions put to the impeaching witness, the following being a sample: "Q. Mr. Cleveland, about July, 1895, at the Maximilian Mine, in the presence of yourself and Mr. Bernardis and Rolly Noe, did Mr. Bernardis tell you that he had just had George Allen's word to work the mine; he had no agreement or arrangement with him, but that Bernardis expected Allen to do the right thing with him if he sold the mine, or words to that effect?" The objectionable part of the question, as contended by appellant, is adding, "or words to that effect." In reference to the rule of impeachment of a witness by contradictory evidence, the appellant may be technically correct in his contention that the same question should be propounded to the impeaching witness, without the addition of other words, as those asked the witness to be impeached; but in this case, however, the witness sought to be impeached was also a party in interest. By the liberal rules of the code, parties to an action, with certain exceptions, are allowed to testify in their own behalf. One of the exceptions in which they cannot testify is where the action is "upon a claim or demand against the estate of a deceased person, as to any matters of fact occurring before the death of such deceased person." (Code Civ. Proc., sec. 1880.) In this case the action, not being technically founded upon a claim against the estate of George Allen, deceased, the plaintiff was permitted to testify. In his testimony, in reference to the alleged agreement between himself and George Allen, deceased, he repeats several times that "no one else was present." Thus he is given full sweep to give his version of the transaction, whereas the lips of the other party to it are sealed in death. The purpose of the rule excluding the testimony of a party where the action is founded upon a claim or demand against the estate of a deceased person is very obvious. It was greatly to the advantage of the plaintiff that he was not excluded from being a witness in his own behalf, and under such circumstances rules in reference to the admission of evidence should not be too rigidly enforced. Such rules are designed to aid in arriving at the truth, and not for the purpose of suppressing the truth. Aside from the question of impeachment, strictly speaking, the plaintiff himself being a party to the action, it was competent to prove his statements and admissions made against his own interest.

In the examination of witnesses and admission of testimony a wide margin of discretion must be allowed the trial court, in order to accomplish the main purpose in view,—that is, to elicit the truth.

Upon the whole we see no error or improper ruling of the court below in this case affecting the substantial rights of the appellant.

The judgment and order are affirmed.

Garoutte, J., and Harrison, J., concurred.